IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Lori D.,[1]

       Plaintiff,

v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Civ. No. 6:19-cv-519-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff moves to alter or amend the Court's Judgment affirming the Commissioner's final decision finding Plaintiff not disabled. ECF No. 21. Plaintiff's motion re-hashes arguments the Court previously rejected.

Plaintiff argues the Court erred in finding the ALJ did not have to explicitly discuss the medical equivalence findings when Plaintiff presented no argument to the ALJ in support of such an equivalence. The Court rejected this argument in footnote 8. *See* ECF No. 19, n.8 ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Plaintiff, however, made no effort below to establish that she medically equaled listing 14.09D. Additionally, the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

ALJ's findings, supported by substantial evidence in the record, indicate Plaintiff did not have marked limitations in performing daily activities. As noted, well after her alleged onset date, Plaintiff felt well enough to go whitewater rafting. Tr. 744."). Although Plaintiff has a different interpretation of the law, the Court stands by its earlier conclusion. *See Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir. 2013) (quoting *Burch* and finding no error "given that [Plaintiff] never presented evidence or advanced an argument for equivalency[.]"; *see also Ford v. Saul*, 950 F.3d 1141, 1157 (9th Cir. 2020) (holding that "Because the ALJ did not have an obligation to discuss medical equivalency sua sponte, the ALJ did not err in failing to do so."). Additionally, the Court pointed to numerous findings by the ALJ indicating Plaintiff did not have a marked limitation in her ability to complete daily activities.

As Plaintiff does not establish the Judgment contained manifest errors of law or fact or that amendment is necessary to correct a manifest injustice, the motion to amend, ECF No. 21, is DENIED. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (citing 11 Charles Alan Wright, et al., Federal Practice and Procedure § 28.10.1 (2nd ed. 1995)).

IT IS SO ORDERED.

DATED this 18th day of June, 2020.

                                                          /s/ Michael J. McShane
                                                          Michael McShane
                                                      United States District Judge